UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DEAN NEICE,<br><br>           Plaintiff,<br><br>    v.<br><br>ADULT PROBATION DEPT., et al.,<br><br>           Defendants. | Case No.: 1:25-cv-01610-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Robert Dean Neice is appearing pro se in this civil rights action.

**I.      RELEVANT BACKGROUND**

On November 24, 2025, the Court issued its Order Directing Plaintiff to Provide an Inmate Trust Account Statement Within Fourteen (14) Days. (Doc. 4.) Plaintiff was directed "to submit an inmate trust account statement for the previous six months." (*Id*. at 2.)

On December 30, 2025, when more than 14 days plus time for mailing passed without a response from Plaintiff, the Court issued its Order to Show Cause (OSC) in Writing Why Sanctions Should Not Be Imposed for Plaintiff's Failure to Submit an Inmate Trust Account Statement. (Doc. 6.) Plaintiff was ordered to respond in writing or, alternatively, to submit an inmate trust account statement within 14 days of the date of service of the order. (*Id.*)

Although more than 14 days plus time for mailing have passed, Plaintiff has failed to

respond to the OSC. Thus, the Court will recommend this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

## II.    DISCUSSION

### A.  Legal Standards

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B.  Analysis

Here, Plaintiff has failed to submit an inmate trust account statement in support of his application to proceed *in forma pauperis* (IFP), as directed in the Court's orders of November 24, 2025, and December 30, 2025. (*See* Docs. 4 & 6.) The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors— the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the

2

occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, the Court's November 24, 2025, order provided Plaintiff with 14 days within which to submit an inmate trust account statement for the previous six months in support of his application to proceed IFP. (Doc. 4.) Plaintiff failed to respond. Thus, the Court issued an OSC on December 30, 2025, directing Plaintiff to file a written response addressing his failure to comply with the previous order, or, alternatively, to submit an inmate trust account statement within 14 days. Plaintiff again failed to respond. In sum, Plaintiff has failed to comply with the Court's orders and the time to do so has now passed. His inaction amounts to an unreasonable delay in prosecuting this action resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to submit an inmate trust account statement, or to otherwise contact the Court, Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's November 24, 2025, Order warned as follows: "**Plaintiff is advised that a failure to provide the inmate trust account statement will result in a recommendation that this action be dismissed without prejudice for a failure to comply with Court orders.**" (Doc. 4 at 2, emphasis in original.) Additionally, the OSC included the following: "**WARNING: Plaintiff's failure to comply with this Order to Show Cause and the Court's November 24, 2025, order may result in a recommendation that this action be dismissed, without prejudice, for failure to obey court orders and failure to prosecute**." (Doc. 6 at 2, emphasis in

original.) Finally, in the Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued November 21, 2025, Plaintiff was advised, in relevant part: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 3 at 1.) That same order advised Plaintiff that "all Court deadlines are strictly enforced." (*Id.* at 5.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.    CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is **DIRECTED** to randomly assign a district judge to this action.

Further, for the reasons given above, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference

4

the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **January 20, 2026**                          /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE